APPEAL,TYPE−E

# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:25−cv−04480−CRC
## *Internal Use Only*

BEATTY v. TRUMP et al
Assigned to: Judge Christopher R. Cooper
Related Case: 1:26−cv−00981−CRC
Case in other court: USCA, 26−05224
Cause: 28:1331 Fed. Question

Date Filed: 12/22/2025
Jury Demand: None
Nature of Suit: 890 Other Statutory Actions
Jurisdiction: Federal Question

**Plaintiff**

**JOYCE BEATTY** represented by

**Alexander Kristofcak**
WASHINGTON LITIGATION GROUP
1717 K Street NW
Suite 1120
Washington, DC 20006
202−521−8734
Email: akristofcak@washingtonlitigationgroup.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Nathaniel Avi Gideon Zelinsky**
WASHINGTON LITIGATION GROUP
1717 K St NW
Washington, DC 20006
202−521−8750
Email: nzelinsky@washingtonlitigationgroup.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**David William Ogden**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202−594−9958
Email: david@democracydefenders.org
*ATTORNEY TO BE NOTICED*

**Joshua Gabriel Kolb**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202−594−9958
Email: joshua@democracydefenders.org
*ATTORNEY TO BE NOTICED*

**Norman Larry Eisen**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
202−594−9958
Email: norman@democracydefenders.org
*ATTORNEY TO BE NOTICED*

**Stephen A. Jonas**
DEMOCRACY DEFENDERS FUND
600 Pennsylvania Ave SE
Unit 15180
Washington, DC 20003
781−898−8351
Email: steve@democracydefenders.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kyle Renee Freeny**
WASHINGTON LITIGATION GROUP
1717 K Street NW
Washington, DC 20006
202−521−8750
Email: kfreeny@washingtonlitigationgroup.org
*ATTORNEY TO BE NOTICED*

V.

**<u>Defendant</u>**

**DONALD J. TRUMP** represented by

**Brantley Mayers**
DOJ−Civ
950 Pennsylvania Avenue NW
Washington, DC 20530
202−890−9874
Email: brantley.t.mayers@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
U.S. DEPARTMENT OF JUSTICE
Civil Division, Federal Programs Branch
1100 L St NW
Washington, DC 20530
202−353−7578
Email: william.s.jankowski@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**

DOJ−CIV
Civil Division
1100 L Street
Washington, DC 20005
202−305−7573
Email: pierce.anon@usdoj.gov
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
U.S. DEPARTMENT OF JUSTICE
1100 L Street, N.W.
Washington, DC 20530
(202) 353−0889
Fax: (202) 616−8470
Email: stephen.m.elliott@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**RICHARD GRENELL** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JENNIFER FISCHER** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)

*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SERGIO GOR** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN FALCONETTI** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**BRIAN D. BALLARD** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARIA BARTIROMO** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAMELA J. BONDI** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARY HELEN BOWERS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**HANNAH F. BUCHAN** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT CASTELLANI** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ELAINE CHAO** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAMELLA ROLAND DEVOS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PATRICIA DUGGAN** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**EMILIA MAY FANJUL** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LYNETTE FRIESS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAMELA GROSS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LEE GREENWOOD** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**KATE ADAMSON HASELWOOD** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LAURA INGRAHAM** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MICHELE KESSLER** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DANA KRAFT** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MINDY LEVINE** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **LYNDA LOMANGINO** | represented by | **Brantley Mayers**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William S. Jankowski**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Pierce Anon**<br>(See above for address)<br>*TERMINATED: 06/11/2026*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stephen McCoy Elliott**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**<u>Defendant</u>**

| | | |
|---|---|---|
| **BARBARA LONG** | represented by | **Brantley Mayers**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William S. Jankowski**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Pierce Anon**<br>(See above for address)<br>*TERMINATED: 06/11/2026*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stephen McCoy Elliott**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**<u>Defendant</u>**

| | | |
|---|---|---|
| **ALLISON LUTNICK** | represented by | **Brantley Mayers**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William S. Jankowski**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Pierce Anon** |

(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DOUGLAS MANCHESTER** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CATHERINE B. REYNOLDS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DENISE SAUL** represented by **Brantley Mayers**
(See above for address)

*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**DAN SCAVINO** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**CHERI SUMMERALL** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*

*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**USHA VANCE** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSIE WILES** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ANDREA WYNN** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**PAOLO ZAMPOLLI** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**ROBERT F. KENNEDY, JR.** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MARCO A. RUBIO** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**LINDA MCMAHON** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**MIKE JOHNSON** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SAM GRAVES** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JULIA LETLOW** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Defendant**

**MIKE MCCAUL** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**JOHN THUNE** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SHELLEY MOORE CAPITO** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**SUSAN COLLINS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS** represented by **Brantley Mayers**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**William S. Jankowski**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Pierce Anon**
(See above for address)
*TERMINATED: 06/11/2026*
*ATTORNEY TO BE NOTICED*

**Stephen McCoy Elliott**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

| | | |
|---|---|---|
| **JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS** | represented by | **Brantley Mayers**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**William S. Jankowski**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Pierce Anon**<br>(See above for address)<br>*TERMINATED: 06/11/2026*<br>*ATTORNEY TO BE NOTICED*<br><br>**Stephen McCoy Elliott**<br>(See above for address)<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **INDIVIDUAL FORMER MEMBERS OF ADVISORY BODIES TO THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS** | represented by | **Lila Miller**<br>Relman, Dane & Colfax<br>Relman Colfax PLLC<br>1225 19th Street NW<br>Suite 600<br>Washington, DC 20036<br>202−728−1888<br>Email: lmiller@relmanlaw.com<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Brenna Kearns**<br>RELMAN COLFAX PLLC<br>1225 19th Street NW<br>Suite 600<br>Washington, DC 20036<br>202−728−1888<br>Email: bkearns@relmanlaw.com<br>*PRO HAC VICE*<br>*ATTORNEY TO BE NOTICED* |

**Movant**

| | | |
|---|---|---|
| **COMMITTEE FOR THE FIRST AMENDMENT** | represented by | **Lila Miller**<br>(See above for address)<br>*LEAD ATTORNEY*<br>*ATTORNEY TO BE NOTICED*<br><br>**Brenna Kearns**<br>(See above for address)<br>*PRO HAC VICE* |

*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 12/22/2025 | 1 | COMPLAINT against All Defendants ( Filing fee $ 405 receipt number ADCDC−12151866) filed by JOYCE BEATTY. (Attachments: # 1 Civil Cover Sheet, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons, # 18 Summons, # 19 Summons, # 20 Summons, # 21 Summons, # 22 Summons, # 23 Summons, # 24 Summons, # 25 Summons, # 26 Summons, # 27 Summons, # 28 Summons, # 29 Summons, # 30 Summons, # 31 Summons, # 32 Summons, # 33 Summons, # 34 Summons, # 35 Summons, # 36 Summons, # 37 Summons, # 38 Summons, # 39 Summons, # 40 Summons, # 41 Summons, # 42 Summons, # 43 Summons, # 44 Summons, # 45 Summons, # 46 Summons, # 47 Summons, # 48 Summons)(Freeny, Kyle) (Entered: 12/22/2025) |
| 12/22/2025 | 2 | SEALED DOCUMENT filed by JOYCE BEATTY re 1 Complaint,,, (This document is SEALED and only available to authorized persons.)(Freeny, Kyle) (Entered: 12/22/2025) |
| 12/29/2025 | | Case Assigned to Judge Christopher R. Cooper. (zjm) (Entered: 12/29/2025) |
| 12/29/2025 | 3 | SUMMONS (47) Issued Electronically as to All Defendants and U.S. Attorney General (Attachments: # 1 Notice and Consent)(zjm) (Entered: 12/29/2025) |
| 01/06/2026 | 4 | NOTICE of Appearance by Norman Larry Eisen on behalf of JOYCE BEATTY (Eisen, Norman) (Entered: 01/06/2026) |
| 01/07/2026 | 5 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed as to the United States Attorney. Date of Service Upon United States Attorney on 12/31/2025. Answer due for ALL FEDERAL DEFENDANTS by 3/1/2026. (Freeny, Kyle) (Entered: 01/07/2026) |
| 01/07/2026 | 6 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed on United States Attorney General. Date of Service Upon United States Attorney General 12/31/2025. (Freeny, Kyle) (Entered: 01/07/2026) |
| 01/07/2026 | 7 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. BRIAN D. BALLARD served on 12/30/2025; MARIA BARTIROMO served on 12/30/2025; PAMELA J. BONDI served on 12/30/2025; MARY HELEN BOWERS served on 12/30/2025; HANNAH F. BUCHAN served on 12/30/2025; SHELLEY MOORE CAPITO served on 12/30/2025; ROBERT CASTELLANI served on 12/30/2025; ELAINE CHAO served on 12/30/2025; SUSAN COLLINS served on 12/30/2025; PAMELLA ROLAND DEVOS served on 12/30/2025; PATRICIA DUGGAN served on 12/30/2025; JOHN FALCONETTI served on 12/30/2025; EMILIA MAY FANJUL served on 12/30/2025; JENNIFER FISCHER served on 12/30/2025; LYNETTE FRIESS served on 12/30/2025; SERGIO GOR served on 12/30/2025; SAM GRAVES served on 12/30/2025; LEE GREENWOOD served on 12/30/2025; RICHARD GRENELL served on 12/30/2025; PAMELA GROSS served on 12/30/2025; KATE ADAMSON HASELWOOD served on 12/30/2025; LAURA INGRAHAM served on 12/30/2025; JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS served on 12/30/2025; MIKE JOHNSON served on 12/30/2025; ROBERT F. KENNEDY, JR served on 12/30/2025; MICHELE KESSLER served on 12/30/2025; DANA KRAFT |

| | | |
|---|---|---|
| | | served on 12/30/2025; JULIA LETLOW served on 12/30/2025; MINDY LEVINE served on 12/30/2025; LYNDA LOMANGINO served on 12/30/2025; BARBARA LONG served on 12/30/2025; ALLISON LUTNICK served on 12/30/2025; DOUGLAS MANCHESTER served on 12/30/2025; MIKE MCCAUL served on 12/30/2025; LINDA MCMAHON served on 12/30/2025; CATHERINE B. REYNOLDS served on 12/30/2025; MARCO A. RUBIO served on 12/30/2025; DENISE SAUL served on 12/30/2025; DAN SCAVINO served on 12/30/2025; CHERI SUMMERALL served on 12/30/2025; JOHN THUNE served on 12/30/2025; DONALD J. TRUMP served on 12/30/2025; TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS served on 12/30/2025; USHA VANCE served on 12/30/2025; SUSIE WILES served on 12/30/2025; ANDREA WYNN served on 12/30/2025; PAOLO ZAMPOLLI served on 12/30/2025 (Freeny, Kyle) (Entered: 01/07/2026) |
| 01/07/2026 | 8 | First MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Stephen A. Jonas, Filing fee $ 100, receipt number ADCDC−12172037. Fee Status: Fee Paid. by JOYCE BEATTY. (Attachments: # 1 Declaration Jonas Declaration iso Motion for PHV, # 2 Exhibit Certificate of Good Standing DC Bar)(Eisen, Norman) (Entered: 01/07/2026) |
| 01/09/2026 | | MINUTE ORDER granting 8 Motion for Leave to Appear Pro Hac Vice. **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a).** Click for instructions. Signed by Judge Christopher R. Cooper on 1/9/2026. (lccrc2) (Entered: 01/09/2026) |
| 02/17/2026 | 9 | NOTICE of Appearance by Stephen A. Jonas on behalf of JOYCE BEATTY (Jonas, Stephen) (Entered: 02/17/2026) |
| 02/24/2026 | 10 | NOTICE of Appearance by William S. Jankowski on behalf of All Defendants (Jankowski, William) (Entered: 02/24/2026) |
| 02/24/2026 | 11 | Unopposed MOTION for Extension of Time to File Answer re 1 Complaint,,, *to March 16, 2026*, by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Text of Proposed Order)(Jankowski, William) (Entered: 02/24/2026) |
| 02/25/2026 | | MINUTE ORDER granting Defendants' 11 Unopposed Motion to Extend Deadline to Answer Complaint. Defendants shall answer or otherwise respond to the complaint by March 16, 2026. Signed by Judge Christopher R. Cooper on 2/25/2026. (lccrc2) (Entered: 02/25/2026) |
| 03/06/2026 | 12 | |

| | | |
|---|---|---|
| | | AMENDED COMPLAINT against All Defendants filed by JOYCE BEATTY. (Attachments: # 1 Exhibit Ex. A to Amended Complaint)(Freeny, Kyle) (Entered: 03/06/2026) |
| 03/06/2026 | 13 | MOTION for Temporary Restraining Order , MOTION for Preliminary Injunction by JOYCE BEATTY. (Attachments: # 1 Memorandum in Support, # 2 Declaration Beatty Declaration, # 3 Exhibit Ex. A to Beatty Declaration, # 4 Exhibit Ex. B. to Beatty Declaration, # 5 Exhibit Ex. C to Beatty Declaration, # 6 Exhibit Ex. D to Beatty Declaration, # 7 Declaration Freeny Declaration, # 8 Exhibit Ex. A to Freeny Declaration, # 9 Exhibit Ex. B to Freeny Declaration, # 10 Exhibit Ex. C to Freeny Declaration, # 11 Exhibit Ex. D to Freeny Declaration, # 12 Exhibit Ex. E to Freeny Declaration, # 13 Exhibit Ex. F to Freeny Declaration, # 14 Exhibit Ex. G to Freeny Declaration, # 15 Exhibit Ex. H to Freeny Declaration, # 16 Exhibit Ex. I to Freeny Declaration, # 17 Exhibit Ex. J to Freeny Declaration, # 18 Declaration Valentine Declaration, # 19 Declaration Borda Declaration, # 20 Declaration Taylor Declaration, # 21 Declaration Borenstein Declaration, # 22 Declaration Miller Declaration, # 23 Text of Proposed Order, # 24 Text of Proposed Order, # 25 Certificate of Service LCvR 65.1(a) Certification)(Freeny, Kyle) (Entered: 03/06/2026) |
| 03/06/2026 | 14 | NOTICE of Appearance by Nathaniel Avi Gideon Zelinsky on behalf of All Plaintiffs (Zelinsky, Nathaniel) (Entered: 03/06/2026) |
| 03/06/2026 | | MINUTE ORDER: The Court will hold a Scheduling Conference on Plaintiff's 13 Motion for Temporary Restraining Order at 4:30 PM on March 6, 2026, via video teleconference before Judge Christopher R. Cooper. Zoom information will be forthcoming. Signed by Judge Christopher R. Cooper on 3/6/2026. (lccrc2) (Entered: 03/06/2026) |
| 03/06/2026 | 15 | NOTICE of Appearance by Stephen McCoy Elliott on behalf of All Defendants (Elliott, Stephen) (Entered: 03/06/2026) |
| 03/06/2026 | | Minute Entry for proceedings held before Judge Christopher R. Cooper: Scheduling Conference held via Zoom on 3/6/2026. Scheduling Order forthcoming. (Court Reporter Jeff Hook) (znbn) (Entered: 03/06/2026) |
| 03/06/2026 | 16 | TRANSCRIPT OF SCHEDULING CONFERENCE (ZOOM) before Judge Christopher R. Cooper held on March 6, 2026. Page Numbers: 1 − 11. Date of Issuance: March 6, 2026. Court Reporter: Jeff Hook. Telephone number: 202−354−3373. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 3/27/2026. Redacted Transcript Deadline set for 4/6/2026. Release of Transcript Restriction set for 6/4/2026.(Hook, Jeff) (Entered: 03/06/2026) |

| | | |
|---|---|---|
| 03/06/2026 | | MINUTE ORDER. In light of this afternoon's Scheduling Conference, the Defendants are directed to respond to the Plaintiff's 13 Motion for Temporary Restraining Order (TRO) by March 10, 2026, and any reply shall be due by March 11, 2026. The parties are directed to appear before Judge Christopher R. Cooper on March 12, 2026 at 3:00 PM in Courtroom 27A for a hearing on the TRO motion. Signed by Judge Christopher R. Cooper on 3/6/2026. (lccrc3) (Entered: 03/06/2026) |
| 03/10/2026 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Alexander Kristofcak, Filing fee $ 100, receipt number ADCDC−12290247. Fee Status: Fee Paid. by JOYCE BEATTY. (Attachments: # 1 Exhibit Certificate of good standing)(Zelinsky, Nathaniel) (Entered: 03/10/2026) |
| 03/10/2026 | 18 | DECLARATION *of Alexander Kristofcak* by JOYCE BEATTY re 17 MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Alexander Kristofcak, Filing fee $ 100, receipt number ADCDC−12290247. Fee Status: Fee Paid.. (Zelinsky, Nathaniel) (Entered: 03/10/2026) |
| 03/10/2026 | 19 | Memorandum in opposition to re 13 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Exhibit A (LaFauci Declaration), # 2 Exhibit B (LaFauci Declaration))(Jankowski, William) (Entered: 03/10/2026) |
| 03/11/2026 | 20 | REPLY to opposition to motion re 13 Motion for TRO,,,,, Motion for Preliminary Injunction,,,, filed by JOYCE BEATTY. (Attachments: # 1 Declaration of Todd Valentine, # 2 Exhibit A to Valentine Declaration, # 3 Declaration of Lawrence Wilker)(Freeny, Kyle) (Entered: 03/11/2026) |
| 03/12/2026 | | Minute Entry for Motion Hearing held before Judge Christopher R. Cooper on 3/12/2026. Oral arguments submitted on Plaintiff's Combined Motion 13 for Temporary Restraining Order and Preliminary Injunction. Motion taken under advisement; forthcoming Order. (Court Reporter; Lisa Moreira) (hmj) (Entered: 03/12/2026) |
| 03/13/2026 | 21 | TRANSCRIPT OF MOTION HEARING before Judge Christopher R. Cooper held on March 12, 2026; Page Numbers: 1−83. Date of Issuance:March 13, 2026. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. |

| | | |
|---|---|---|
| | | After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 4/3/2026. Redacted Transcript Deadline set for 4/13/2026. Release of Transcript Restriction set for 6/11/2026.(Moreira, Lisa) (Entered: 03/13/2026) |
| 03/13/2026 | 22 | NOTICE OF SUPPLEMENTAL AUTHORITY by JOYCE BEATTY (Attachments: # 1 Exhibit Form 990 tax year 2023, # 2 Exhibit Form 990 tax year 2022)(Zelinsky, Nathaniel) (Entered: 03/13/2026) |
| 03/13/2026 | 23 | NOTICE OF SUPPLEMENTAL AUTHORITY by JOYCE BEATTY (Freeny, Kyle) (Entered: 03/13/2026) |
| 03/14/2026 | 24 | MEMORANDUM OPINION AND ORDER. The Court hereby GRANTS in part and DENIES in part Plaintiff's 13 Motion for a Temporary Restraining Order. See full Memorandum Opinion and Order for details. Signed by Judge Christopher R. Cooper on 3/14/2026. (lccrc3) (Entered: 03/14/2026) |
| 03/16/2026 | | MINUTE ORDER granting 17 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Christopher R. Cooper on 3/16/2026. (lccrc3) Modified on 3/17/2026 (lsj). (Entered: 03/16/2026) |
| 03/17/2026 | 25 | NOTICE of Appearance by Alexander Kristofcak on behalf of JOYCE BEATTY (Kristofcak, Alexander) (Entered: 03/17/2026) |
| 03/17/2026 | 26 | Joint MOTION for Scheduling Order *or a Scheduling Conference* by JOYCE BEATTY. (Zelinsky, Nathaniel) (Entered: 03/17/2026) |
| 03/18/2026 | | MINUTE ORDER: In light of the parties' 26 Motion for Scheduling Order, the Court sets the following preliminary injunction/partial summary judgment briefing schedule. Plaintiff shall file supplemental materials in support of its 13 Motion for Preliminary Injunction ("PI"), along with a Motion for Partial Summary Judgment ("PSJ") on the issue of the Kennedy Center's renaming, by March 25, 2026. Defendants shall file an opposition to the PI Motion and PSJ Motion, along with any cross−PSJ Motion on the renaming issue, by April 6, 2026. Plaintiff's reply in support of the PI Motion, and a combined reply in support of the PSJ Motion and opposition to the Defendants' cross−PSJ Motion, shall be due by April 13, 2026. And any further reply from the Defendants as to any cross−PSJ Motion on renaming shall be due on April 17, 2026. The Court will set a hearing date by further order as the briefing progresses. Signed by Judge Christopher R. Cooper on 3/18/2026. (lccrc3) (Entered: 03/18/2026) |
| 03/19/2026 | 27 | Unopposed MOTION to Stay *Defendants' Deadline to Answer or Respond to Plaintiff's Amended Complaint* by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, |

| | | |
|---|---|---|
| | | EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Text of Proposed Order)(Jankowski, William) (Entered: 03/19/2026) |
| 03/23/2026 | | MINUTE ORDER granting 27 Motion to Stay Deadline. Defendants shall answer or otherwise respond to Plaintiff's amended complaint 30 days after the Court's resolution of the motions identified in the March 18, 2026 scheduling order. Signed by Judge Christopher R. Cooper on 3/23/2026. (lccrc3) (Entered: 03/23/2026) |
| 03/23/2026 | 28 | NOTICE of Appearance by David William Ogden on behalf of JOYCE BEATTY (Ogden, David) (Entered: 03/23/2026) |
| 03/25/2026 | 29 | SUPPLEMENTAL MEMORANDUM to re 13 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by JOYCE BEATTY. (Attachments: # 1 Declaration Declaration of Alexander Kristofcak, # 2 Exhibit K − Declaration of Charles Matthew Floca, # 3 Exhibit L − Supplemental Declaration of Charles Matthew Floca, # 4 Exhibit M − Closure Background & Talking Points, # 5 Exhibit N − Performance Contracts Affected by Closure, # 6 Exhibit O − Building & Grounds Committee March 2 Agenda, # 7 Exhibit P − Building & Grounds Committee March 2 Meeting Minutes, # 8 Exhibit Q − Building & Grounds Committee March 12 Agenda, # 9 Exhibit R − Building & Grounds Committee March 2 Slides, # 10 Exhibit S − Capital Improvement Plan, # 11 Exhibit T − 2 Year Renewal Project Budget, # 12 Exhibit U − Renewal Project Photos, # 13 Exhibit V − Interim Procurement Policies, # 14 Exhibit W − Interim Procurement Policies, # 15 Exhibit X − 2022 Comprehensive Building Plan, # 16 Exhibit Y − 2021 Comprehensive Building Plan, # 17 Exhibit Z − 2022 Soffit Failure Field Report, # 18 Exhibit AA − 2024 Leak Investigation Report part 1, # 19 Exhibit BB − 2024 Leak Investigation Report part 2, # 20 Exhibit CC − 2024 Leak Investigation Report part 3, # 21 Declaration Second Declaration of Todd Valentine, # 22 Exhibit DD − September 25 Board Meeting Minutes, # 23 Exhibit EE − December 18 Board Meeting Agenda, # 24 Declaration Declaration of Craig Williams)(Kristofcak, Alexander) (Entered: 03/25/2026) |
| 03/25/2026 | 30 | MOTION for Partial Summary Judgment *as to Renaming* by JOYCE BEATTY. (Attachments: # 1 Memorandum in Support of Motion for Partial Summary Judgment, # 2 Statement of Facts, # 3 Text of Proposed Order, # 4 Declaration Second Declaration of Alexander Kristofcak, # 5 Exhibit FF − August 12, 2025, 8:30 AM, Truth Social post from Donald J. Trump (@realDonaldTrump), # 6 Exhibit GG − December 8, 2025 Independent article "Trump Jokes About Renaming Kennedy Center After Himself While Taking Center Stage At Honors Show", # 7 Exhibit HH − December 18, 2025, 1:11 PM, X.com post Karoline Leavitt (@PressSec), # 8 Exhibit II − March 3, 2025, USPTO application for "The Trump Kennedy Center", # 9 Exhibit JJ − March 16, 2026, Press Release "Trump Kennedy Center Board Unanimously Approves Landmark Renovation", # 10 Exhibit KK − February 13, 2025, White House Press Release re Kennedy Center, # 11 Exhibit LL − Kennedy Center |

| | | |
|---|---|---|
| | | Trustees)(Kristofcak, Alexander) (Entered: 03/25/2026) |
| 04/01/2026 | | MINUTE ORDER. The parties are directed to appear before Judge Christopher R. Cooper at 10:00 AM on April 28, 2026 in Courtroom 27A for a hearing on the Plaintiff's 13 Motion for a Preliminary Injunction. Signed by Judge Christopher R. Cooper on 4/1/2026. (lccrc3) (Entered: 04/01/2026) |
| 04/01/2026 | 31 | MOTION for Leave to File Amicus Brief*in Support of Plaintiff* by INDIVIDUAL FORMER MEMBERS OF ADVISORY BODIES TO THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, COMMITTEE FOR THE FIRST AMENDMENT. (Attachments: # 1 Proposed Amicus Brief, # 2 Text of Proposed Order)(Miller, Lila) (Entered: 04/01/2026) |
| 04/01/2026 | 32 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Brenna Kearns, Filing fee $ 100, receipt number ADCDC−12335115. Fee Status: Fee Paid. by INDIVIDUAL FORMER MEMBERS OF ADVISORY BODIES TO THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS. (Attachments: # 1 Declaration, # 2 Certificate of Good Standing)(Miller, Lila) (Entered: 04/01/2026) |
| 04/06/2026 | 33 | Memorandum in opposition to re 13 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction , 30 MOTION for Partial Summary Judgment *as to Renaming* filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Statement of Facts Defendants' Response to Plaintiff's Statement of Material Facts)(Jankowski, William) (Entered: 04/06/2026) |
| 04/06/2026 | 34 | Cross MOTION for Summary Judgment by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE |

| | | |
|---|---|---|
| | | PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Text of Proposed Order, # 4 Declaration Third Floca Declaration, # 5 Declaration Second LaFauci Declaration, # 6 Exhibit A (NCPC − Smithsonian Memorandum of Agreeement))(Jankowski, William) (Entered: 04/06/2026) |
| 04/07/2026 | 35 | Amended MOTION for Leave to File Amicus Brief *in Support of Plaintiff* by COMMITTEE FOR THE FIRST AMENDMENT, INDIVIDUAL FORMER MEMBERS OF ADVISORY BODIES TO THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS. (Attachments: # 1 Proposed Brief, # 2 Text of Proposed Order)(Miller, Lila) (Entered: 04/07/2026) |
| 04/08/2026 | | MINUTE ORDER granting 32 Motion for Leave to Appear Pro Hac Vice **Counsel should register for e−filing via PACER and file a notice of appearance pursuant to LCvR 83.6(a)** Click for instructions. Signed by Judge Christopher R. Cooper on 4/8/2026. (lccrc3) (Entered: 04/08/2026) |
| 04/08/2026 | | MINUTE ORDER granting 35 Amended Motion for Leave to File Amicus Brief in Support of Plaintiff; denying as moot original 31 Motion for Leave to File Amicus Brief in Support of Plaintiff. Signed by Judge Christopher R. Cooper on 4/8/2026. (lccrc3) (Entered: 04/08/2026) |
| 04/10/2026 | 36 | NOTICE of Appearance by Brenna Kearns on behalf of COMMITTEE FOR THE FIRST AMENDMENT, INDIVIDUAL FORMER MEMBERS OF ADVISORY BODIES TO THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS (Kearns, Brenna) (Entered: 04/10/2026) |
| 04/13/2026 | 37 | REPLY to opposition to motion re 13 Motion for TRO,,,,, Motion for Preliminary Injunction,,,, 30 Motion for Partial Summary Judgment,,,, filed by JOYCE BEATTY. (Attachments: # 1 Declaration Third Declaration of Alexander Kristofcak, # 2 Exhibit MM − Kennedy Center to include Trump's name after unanimous board vote − Fox News, # 3 Exhibit NN − Factbase Transcript of March 16, 2026 Kennedy Center Board Meeting Roll Call, # 4 Exhibit OO − Kennedy Center Unveils Progress On New Extension For Artistic Projects NPR, # 5 Exhibit PP − Kennedy Center begins layoffs, rocking institution ahead of two−year closure − The Washington Post, # 6 Exhibit QQ − Another round of layoffs hits Kennedy Center ahead of two−year closure − The Washington Post, # 7 Exhibit RR − Trump Is Wasting No Time in Tearing Down the East Wing − The New York Times)(Kristofcak, Alexander) (Entered: 04/13/2026) |
| 04/13/2026 | 38 | Memorandum in opposition to re 34 Cross MOTION for Summary Judgment filed by JOYCE BEATTY. (Attachments: # 1 Statement of Facts − Response to Defendants)(Kristofcak, Alexander) (Entered: 04/13/2026) |
| 04/17/2026 | 39 | REPLY to opposition to motion re 34 Motion for Summary Judgment,,,, filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS |

| | | |
|---|---|---|
| | | MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Jankowski, William) (Entered: 04/17/2026) |
| 04/21/2026 | | MINUTE ORDER. The parties are advised that they should be prepared to address all pending motions for preliminary injunction and summary judgment at the upcoming April 28, 2026 hearing. Signed by Judge Christopher R. Cooper on 4/21/2026. (lccrc3) (Entered: 04/21/2026) |
| 04/27/2026 | 40 | NOTICE *of Filing in Related Case* by JOYCE BEATTY (Attachments: # 1 Exhibit Filing in Related Case)(Freeny, Kyle) (Entered: 04/27/2026) |
| 04/27/2026 | 41 | NOTICE of Appearance by Brantley Mayers on behalf of All Defendants (Mayers, Brantley) (Entered: 04/27/2026) |
| 04/28/2026 | | Minute Entry for Motion Hearing held before Judge Christopher R. Cooper on 4/28/2026. Oral arguments submitted on Plaintiff's Combined Motion 13 for Temporary Restraining Order and Preliminary Injunction; Plaintiff's Motion 30 for for Partial Summary Judgment; and the Defendants' Motion 34 for Summary Judgments. Motions taken under advisement; forthcoming Order. (Court Reporter: Lisa Moreira) (lsj) (Entered: 04/28/2026) |
| 04/28/2026 | 42 | NOTICE of Appearance by Pierce Anon on behalf of All Defendants (Anon, Pierce) (Entered: 04/28/2026) |
| 04/28/2026 | 43 | ENTERED IN ERROR.....NOTICE of Appearance by Pierce Anon on behalf of All Defendants (Anon, Pierce) Modified on 4/29/2026 (zjm). (Entered: 04/28/2026) |
| 04/29/2026 | | NOTICE OF ERROR regarding 43 Notice of Appearance. The following error(s) need correction: Invalid attorney signature− signature on document must match PACER login. Please refile. (zjm) (Entered: 04/29/2026) |
| 05/01/2026 | 44 | TRANSCRIPT OF MOTION HEARING before Judge Christopher R. Cooper held on April 28, 2026; Page Numbers: 1−103. Date of Issuance:May 1, 2026. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 5/22/2026. Redacted Transcript Deadline set for 6/1/2026. Release of Transcript Restriction set for 7/30/2026.(Moreira, Lisa) (Entered: 05/01/2026) |

| | | |
|---|---|---|
| 05/04/2026 | | MINUTE ORDER. In light of the parties' joint filing in DC Preservation League et al. v. Board of Trustees of the John F. Kennedy Center for the Performing Arts, No. 26−cv−981, ECF No. 38, the parties in the above−captioned case are directed to file any post−hearing supplemental brief by May 11, 2026. Neither brief may exceed ten pages in length. Signed by Judge Christopher R. Cooper on 5/4/2026. (lccrc3) (Entered: 05/04/2026) |
| 05/11/2026 | 45 | SUPPLEMENTAL MEMORANDUM to re 34 Cross MOTION for Summary Judgment , 13 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction , 30 MOTION for Partial Summary Judgment *as to Renaming* filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Exhibit A (April 29 2026 DC Preservation League Hearing Transcript))(Jankowski, William) (Entered: 05/11/2026) |
| 05/11/2026 | 46 | SUPPLEMENTAL MEMORANDUM to re 13 MOTION for Temporary Restraining Order MOTION for Preliminary Injunction filed by JOYCE BEATTY. (Zelinsky, Nathaniel) (Entered: 05/11/2026) |
| 05/26/2026 | 47 | MOTION for Leave to File *Supplemental Declaration* by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Exhibit A)(Mayers, Brantley) (Entered: 05/26/2026) |
| 05/29/2026 | 48 | ORDER granting in part Plaintiff's 13 Motion for Preliminary Injunction. See full Order and forthcoming Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 5/29/2026. (lccrc3) (Entered: 05/29/2026) |

| | | |
|---|---|---|
| 05/29/2026 | 49 | ORDER granting Plaintiff's 30 Motion for Partial Summary Judgment; granting in part and denying in part Defendants' 34 Motion for Summary Judgment. See full Order and forthcoming Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 5/29/2026. (lccrc3) (Entered: 05/29/2026) |
| 05/29/2026 | 50 | MEMORANDUM OPINION concerning 48 Order on Plaintiff's 13 Motion for Preliminary Injunction and 49 Order on Plaintiff's 30 Motion for Partial Summary Judgment and Defendants' 34 Motion for Summary Judgment. See full Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 5/29/2026. (lccrc3) (Entered: 05/29/2026) |
| 05/29/2026 | | MINUTE ORDER denying Defendants' 47 Motion for Leave to File Supplemental Declaration. See 50 Memorandum Opinion for details. Signed by Judge Christopher R. Cooper on 5/29/2026. (lccrc3) (Entered: 05/29/2026) |
| 06/01/2026 | | BOND in the amount of $ $1.00, Receipt Number 211961 posted by JOYCE BEATTY. (zjm) (Entered: 06/01/2026) |
| 06/05/2026 | 51 | MOTION compliance with court's order re 48 Order on Motion for Preliminary Injunction, Set/Reset Deadlines by JOYCE BEATTY. (Attachments: # 1 Text of Proposed Order requiring Defendants to submit a declaration detailing compliance, # 2 Exhibit memorandum to Kennedy Center staff)(Zelinsky, Nathaniel) (Entered: 06/05/2026) |
| 06/05/2026 | 52 | Joint STATUS REPORT *on behalf of all parties* by JOYCE BEATTY. (Zelinsky, Nathaniel) (Entered: 06/05/2026) |
| 06/11/2026 | 53 | NOTICE OF WITHDRAWAL OF APPEARANCE as to BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. Attorney Pierce Anon terminated. (Anon, Pierce) (Entered: 06/11/2026) |
| 06/11/2026 | 54 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 50 Memorandum & Opinion, 49 Order on Motion for Partial Summary Judgment,, Order on Motion for Summary Judgment, by USHA VANCE, CHERI SUMMERALL, LAURA INGRAHAM, BRIAN D. BALLARD, BARBARA LONG, DONALD J. TRUMP, LYNETTE FRIESS, PAMELA GROSS, DENISE SAUL, EMILIA MAY FANJUL, JOHN THUNE, ALLISON LUTNICK, LYNDA LOMANGINO, DOUGLAS MANCHESTER, MIKE JOHNSON, PAMELLA ROLAND DEVOS, KATE ADAMSON HASELWOOD, MINDY LEVINE, MARY HELEN BOWERS, DAN SCAVINO, ANDREA WYNN, HANNAH F. BUCHAN, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, JULIA LETLOW, MICHELE |

| | | |
|---|---|---|
| | | KESSLER, SUSAN COLLINS, ELAINE CHAO, DANA KRAFT, CATHERINE B. REYNOLDS, JOHN FALCONETTI, LINDA MCMAHON, PAOLO ZAMPOLLI, RICHARD GRENELL, PAMELA J. BONDI, SAM GRAVES, ROBERT CASTELLANI, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, PATRICIA DUGGAN, MARIA BARTIROMO, MARCO A. RUBIO, JENNIFER FISCHER, SUSIE WILES, SHELLEY MOORE CAPITO, ROBERT F. KENNEDY, JR, MIKE MCCAUL, LEE GREENWOOD, SERGIO GOR. Fee Status: No Fee Paid. (Jankowski, William) (Entered: 06/11/2026) |
| 06/11/2026 | 55 | MOTION to Stay *Permanent Injunction Pending Appeal* by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Text of Proposed Order)(Mayers, Brantley) (Entered: 06/11/2026) |
| 06/12/2026 | 56 | Memorandum in opposition to re 55 MOTION to Stay *Permanent Injunction Pending Appeal* filed by JOYCE BEATTY. (Zelinsky, Nathaniel) (Entered: 06/12/2026) |
| 06/12/2026 | 57 | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals. The Court of Appeals docketing fee was not paid because the appeal was filed by the government re 54 Notice of Appeal to DC Circuit Court. (zjm) (Entered: 06/12/2026) |
| 06/12/2026 | | MINUTE ORDER: Defendants' 55 Motion for a Stay of Permanent Injunction Pending Appeal is hereby DENIED. "A stay pending appeal is an extraordinary remedy" and may only be granted if the traditional stay factors are satisfied. KalshiEX LLC v. CFTC, 119 F.4th 58, 63 (D.C. Cir. 2024) (cleaned up). Defendants have not carried their burden to establish that a stay of the Court's May 29, 2026 permanent injunction concerning the Kennedy Center's renaming is warranted pending an appeal of the underlying ruling to the D.C. Circuit. Most notably, for the detailed reasons laid out in the Court's ruling, Defendants have not "made a strong showing that [they] are likely to succeed on the merits" of any appeal. Nken v. Holder, 556 U.S. 418, 426 (2009) (quoting Hilton v. Braunskill, 481 U.S. 770, 776 (1987)). Nor have Defendants demonstrated that they "will be irreparably injured absent a stay," id. (quoting Hilton, 481 U.S. at 776), given both the de minimis resources that would be required to restore the Center's current name in the event of a successful appeal and the lack of record evidence linking increased donations to the current name. Further, Defendants have apparently taken substantial steps toward complying with the Court's May 29 permanent injunction order on renaming. See Mot. for Misc. Relief, ECF No. 51, Ex. A (June 4, 2026 memorandum from the Kennedy Center's Office of General Counsel directing staff to comply with the Court's permanent injunction on renaming). These |

| | | |
|---|---|---|
| | | efforts undermine the notion that Defendants face irreparable harm in complying with the order in full. The failure to demonstrate irreparable harm is "fatal" to a movant's stay request, KalshiEx, 119 F.4th at 64, as is the failure to show a likelihood of success on the merits. What's more, issuance of a stay pending appeal would not be in the public interest, which is rarely served by the "perpetuation" of "unlawful" governmental action. League of Women Voters of the U.S. v. Newby, 838 F.3d 1, 12 (D.C. Cir. 2016). So Ordered. Signed by Judge Christopher R. Cooper on 6/12/2026. (lccrc3) (Entered: 06/12/2026) |
| 06/12/2026 | 58 | MOTION for Extension of Time to *File Notice of Compliance until 12 PM on June 13, 2026* by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Exhibit A (Floca Declaration), # 2 Text of Proposed Order)(Jankowski, William) (Entered: 06/12/2026) |
| 06/12/2026 | | USCA Case Number 26−5224 for 54 Notice of Appeal to DC Circuit Court,,,, filed by SUSAN COLLINS, ANDREA WYNN, PAOLO ZAMPOLLI, ROBERT F. KENNEDY, JR., SUSIE WILES, KATE ADAMSON HASELWOOD, PAMELA GROSS, EMILIA MAY FANJUL, LYNETTE FRIESS, PAMELA J. BONDI, ALLISON LUTNICK, JOHN FALCONETTI, DOUGLAS MANCHESTER, SAM GRAVES, JENNIFER FISCHER, DAN SCAVINO, DANA KRAFT, MARIA BARTIROMO, SERGIO GOR, CATHERINE B. REYNOLDS, RICHARD GRENELL, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, LEE GREENWOOD, HANNAH F. BUCHAN, MARCO A. RUBIO, SHELLEY MOORE CAPITO, JOHN THUNE, PAMELLA ROLAND DEVOS, LYNDA LOMANGINO, JULIA LETLOW, MINDY LEVINE, MARY HELEN BOWERS, PATRICIA DUGGAN, MIKE JOHNSON, CHERI SUMMERALL, ELAINE CHAO, BRIAN D. BALLARD, DONALD J. TRUMP, LAURA INGRAHAM, USHA VANCE, DENISE SAUL, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, BARBARA LONG, MICHELE KESSLER, MIKE MCCAUL, LINDA MCMAHON, ROBERT CASTELLANI. (zjm) (Entered: 06/17/2026) |
| 06/13/2026 | | MINUTE ORDER granting Defendants' 58 Motion for Extension of Time. Defendants shall file the required compliance certification by noon on June 13, 2026. So Ordered. Signed by Judge Christopher R. Cooper on 6/13/2026. (lccrc3) (Entered: 06/13/2026) |
| 06/13/2026 | 59 | NOTICE *of Compliance* by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, |

| | | |
|---|---|---|
| | | SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI (Attachments: # 1 Declaration of Charles Matthew Floca)(Jankowski, William) (Entered: 06/13/2026) |
| 06/16/2026 | | MINUTE ORDER. In light of the parties' 52 Joint Status Report, the parties are directed to file a follow−up joint status report by June 19, 2026, in which the Defendants shall apprise the Court of the status of plans for the Kennedy Center construction project, Board actions in that regard, and any other pertinent developments. Additionally, Defendants shall detail steps taken to comply with the Court's 48 Preliminary Injunction Order, including plans for public access and ongoing programming, activities, and operations after July 5, 2026. Signed by Judge Christopher R. Cooper on 6/16/2026. (lccrc3) (Entered: 06/16/2026) |
| 06/19/2026 | 60 | Joint STATUS REPORT by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Declaration of Charles Matthew Floca)(Jankowski, William) (Entered: 06/19/2026) |
| 06/24/2026 | | MINUTE ORDER: In light of the parties' 60 Joint Status Report, the Court orders the following. First, Defendants' request to stay or extend the deadline to answer Plaintiff's complaint pending proceedings in Beatty v. Trump, No. 26−5224 (D.C. Cir.) is hereby denied. Defendants shall answer or otherwise respond to Plaintiff's complaint by June 29, 2026. The Court will promptly set an initial scheduling conference upon receipt of an answer, to be held following the parties' submission of a joint case management report under Fed. R. Civ. P. 26(f) and LCvR 16.3.<br><br>Second, Plaintiff's 51 Motion for Miscellaneous Relief is hereby denied without prejudice. Defendants have represented, by sworn declaration, that they have "halted all steps to effectuate the March 16 decision to wind down programming and fully close the facility by July 5, 2026" and have committed to "maintain[ing] an operational model past July 5." If these representations do not bear out, Plaintiff may renew her |

| | | |
|---|---|---|
| | | motion for an order requiring proof of compliance, but the Court declines to order further sworn declarations at this time.<br><br>Finally, the parties are hereby ordered to file a joint status report within seven days of the mid−July Kennedy Center Board of Trustees meeting alluded to in the 60 report, or by July 31, whichever is earlier. The joint status report shall apprise the Court of any pertinent factual developments as to plans for future construction and operations at the Kennedy Center. The report shall also indicate the purpose for and status of the tarp and scaffolding that Defendants have erected on the front portico of the Center, to the extent they remain at that time. SO ORDERED. Signed by Judge Christopher R. Cooper on 6/24/2026. (lccrc3) (Entered: 06/24/2026) |
| 06/29/2026 | 61 | ANSWER to 12 Amended Complaint by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI.(Jankowski, William) (Entered: 06/29/2026) |
| 07/01/2026 | 62 | ORDER setting Initial Scheduling Conference for July 28, 2026 at 10:00 AM in Courtroom 27A before Judge Christopher R. Cooper. See full Order for details. Signed by Judge Christopher R. Cooper on 7/1/2026. (lccrc3) (Entered: 07/01/2026) |
| 07/17/2026 | 63 | MEET AND CONFER STATEMENT. (Freeny, Kyle) (Entered: 07/17/2026) |
| 07/28/2026 | | Minute Entry for Initial Scheduling Conference held before Judge Christopher R. Cooper on 7/28/2026. Forthcoming Order. (Court Reporter: Lisa Moreira) (lsj) (Entered: 07/28/2026) |
| 07/28/2026 | | MINUTE ORDER: In light of the parties' 63 Meet and Confer Statement and today's Initial Scheduling Conference, the Court hereby VACATES that portion of its June 24, 2026 Minute Order directing the filing of a joint status report within seven days of the mid−July Kennedy Center Board of Trustees meeting or July 31, whichever was earlier. Defendants have since represented that the Kennedy Center Board of Trustees will instead meet in the first half of August to decide on future construction and operational plans for the Center. The Court hereby ORDERS the parties to file a joint status report within five days of that meeting or by August 20, 2026, whichever is earlier. The joint status report shall cover the same topics outlined in the Court's June 24, 2026 Minute Order. If the Board has not taken a decision by that date, the Court may promptly enter a scheduling order outlining a timeline for discovery in this case. Signed by Judge Christopher R. Cooper on 7/28/2026. (lccrc3) (Entered: 07/28/2026) |
| 08/18/2026 | 64 | Joint STATUS REPORT by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, |

| | | |
|---|---|---|
| | | SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Mayers, Brantley) (Entered: 08/18/2026) |
| 08/18/2026 | 65 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Exhibit 1, # 2 Exhibit 2)(Mayers, Brantley) (Entered: 08/18/2026) |
| 08/19/2026 | | MINUTE ORDER: As proposed in the parties' 64 Joint Status Report, briefing on the implementation of the Kennedy Center Board's August 13, 2026 recognition resolution shall proceed as follows: Plaintiff shall file any motion for relief (and any accompanying request for an administrative stay given the time constraints imposed by Defendants' September 8, 2026 deadline) by August 20, 2026; Defendants shall file any opposition by August 24, 2026; and Plaintiff shall file any reply by August 26, 2026. The Court will schedule a hearing on the motion by further order as it deems necessary. Signed by Judge Christopher R. Cooper on 8/19/2026. (lccrc3) (Entered: 08/19/2026) |
| 08/20/2026 | 66 | ERRATA *as to Final Board Resolution (ECF No. 64−2)* by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA |

| | | |
|---|---|---|
| | | LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI re 64 Status Report,,,. (Attachments: # 1 Declaration of Joseph LaFauci, # 2 Final Board of Trustees Recognition Resolution)(Jankowski, William) (Entered: 08/20/2026) |
| 08/20/2026 | 67 | Emergency MOTION for Injunction *with respect to recognition resolution*, Emergency MOTION to Stay *with respect to recognition resolution* by JOYCE BEATTY. (Attachments: # 1 Memorandum in Support of emergency injunctive relief, # 2 Declaration Zelinsky, # 3 Exhibit A − meeting agenda, # 4 Exhibit B − redline, # 5 Text of Proposed Order for temporary stay, # 6 Text of Proposed Order for injunction)(Zelinsky, Nathaniel) (Entered: 08/20/2026) |
| 08/22/2026 | | MINUTE ORDER: The parties are directed to appear for a hearing on Plaintiff's 67 Emergency Motion on August 27, 2026 at 2:00 PM in Courtroom 27A. Signed by Judge Christopher R. Cooper on 8/22/2026. (lccrc3) (Entered: 08/22/2026) |
| 08/24/2026 | 68 | RESPONSE re 67 Emergency MOTION for Injunction *with respect to recognition resolution*Emergency MOTION to Stay *with respect to recognition resolution* filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Attachments: # 1 Declaration of Joseph LaFauci, # 2 Exhibit A, # 3 Exhibit B)(Mayers, Brantley) (Entered: 08/24/2026) |
| 08/26/2026 | 69 | NOTICE of Appearance by Joshua Gabriel Kolb on behalf of JOYCE BEATTY (Kolb, Joshua) (Entered: 08/26/2026) |
| 08/26/2026 | 70 | REPLY to opposition to motion re 67 Motion for Injunction,, Motion to Stay, filed by JOYCE BEATTY. (Attachments: # 1 Declaration Nathaniel Zelinsky, # 2 Exhibit A, # 3 Declaration Joyce Beatty)(Zelinsky, Nathaniel) (Entered: 08/26/2026) |
| 08/27/2026 | | Minute Entry for Motion Hearing held before Judge Christopher R. Cooper on 8/27/2026. Oral arguments submitted on the Plaintiff's Emergency Motion 67 for Injunction with respect to recognition resolution and Emergency Motion to Stay with respect to recognition resolution. Motion taken under advisement; forthcoming Order. (Court Reporter: Lisa Moreira) (lsj) (Entered: 08/27/2026) |
| 08/27/2026 | 71 | NOTICE by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, |

| | | |
|---|---|---|
| | | ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI re 67 Motion for Injunction,, Motion to Stay, (Mayers, Brantley) (Entered: 08/27/2026) |
| 08/28/2026 | 72 | TRANSCRIPT OF MOTION HEARING before Judge Christopher R. Cooper held on August 27, 2026; Page Numbers: 1−95. Date of Issuance:August 28, 2026. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 9/18/2026. Redacted Transcript Deadline set for 9/28/2026. Release of Transcript Restriction set for 11/26/2026.(Moreira, Lisa) (Entered: 08/28/2026) |
| 08/28/2026 | 73 | TRANSCRIPT OF STATUS HEARING before Judge Christopher R. Cooper held on July 28, 2026; Page Numbers: 1−16. Date of Issuance:August 28, 2026. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number (202) 354−3187, Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov. |

| | | |
|---|---|---|
| | | Redaction Request due 9/18/2026. Redacted Transcript Deadline set for 9/28/2026. Release of Transcript Restriction set for 11/26/2026.(Moreira, Lisa) (Entered: 08/28/2026) |
| 09/01/2026 | 74 | MOTION to Unseal Document 65 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DU filed by SUSAN COLLINS, ANDREA WYNN, PAOLO ZAMPOLLI, ROBERT F. KENNEDY, JR., SUSIE WILES, KATE ADAMSON HASELWOOD, PAMELA GROSS, EMILIA MAY FANJUL, LYNETTE FRIESS, PAMELA J. BONDI, ALLISON LUTNICK, JOHN FALCONETTI, DOUGLAS MANCHESTER, SAM GRAVES, JENNIFER FISCHER, DAN SCAVINO, DANA KRAFT, MARIA BARTIROMO, SERGIO GOR, CATHERINE B. REYNOLDS, RICHARD GRENELL, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, LEE GREENWOOD, HANNAH F. BUCHAN, MARCO A. RUBIO, SHELLEY MOORE CAPITO, JOHN THUNE, PAMELLA ROLAND DEVOS, LYNDA LOMANGINO, JULIA LETLOW, MINDY LEVINE, MARY HELEN BOWERS, PATRICIA DUGGAN, MIKE JOHNSON, CHERI SUMMERALL, ELAINE CHAO, BRIAN D. BALLARD, DONALD J. TRUMP, LAURA INGRAHAM, USHA VANCE, DENISE SAUL, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, BARBARA LONG, MICHELE KESSLER, MIKE MCCAUL, LINDA MCMAHON, ROBERT CASTELLANI by JOYCE BEATTY. (Attachments: # 1 Text of Proposed Order)(Zelinsky, Nathaniel) (Entered: 09/01/2026) |
| 09/11/2026 | | MINUTE ORDER: The parties are directed to appear at 10:00 a.m. on September 15, 2026, in Courtroom 27A, for a scheduling conference regarding further proceedings related to the Board of Trustees' August 13, 2026 vote on the Center's forthcoming level of operations and construction activities. Signed by Judge Christopher R. Cooper on 09/11/2026. (lccrc3) (Entered: 09/11/2026) |
| 09/14/2026 | 75 | NOTICE *Of Board Materials* by JOYCE BEATTY (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Zelinsky, Nathaniel) (Entered: 09/14/2026) |
| 09/14/2026 | 76 | NOTICE by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI (Attachments: # 1 Exhibit A)(Mayers, Brantley) (Entered: 09/14/2026) |
| 09/15/2026 | | Minute Entry for Initial Scheduling Conference held before Judge Christopher R. |

| | | |
|---|---|---|
| | | Cooper on 9/15/2026. Forthcoming Scheduling Order. (Court Reporter: Lisa Moreira) (lsj) (Entered: 09/15/2026) |
| 09/15/2026 | 77 | MEMORANDUM OPINION AND ORDER granting in part and denying in part Plaintiff's 67 Emergency Motion. See full Memorandum Opinion and Order for details. Signed by Judge Christopher R. Cooper on 09/15/2026. (lccrc3) (Entered: 09/15/2026) |
| 09/15/2026 | 78 | NOTICE *of vote and statement* by JOYCE BEATTY (Zelinsky, Nathaniel) (Entered: 09/15/2026) |
| 09/15/2026 | 79 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 77 Order on Motion for Injunction, Order on Motion to Stay by USHA VANCE, CHERI SUMMERALL, LAURA INGRAHAM, BRIAN D. BALLARD, BARBARA LONG, DONALD J. TRUMP, LYNETTE FRIESS, PAMELA GROSS, DENISE SAUL, EMILIA MAY FANJUL, JOHN THUNE, ALLISON LUTNICK, LYNDA LOMANGINO, DOUGLAS MANCHESTER, MIKE JOHNSON, PAMELLA ROLAND DEVOS, KATE ADAMSON HASELWOOD, MINDY LEVINE, MARY HELEN BOWERS, DAN SCAVINO, ANDREA WYNN, HANNAH F. BUCHAN, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, JULIA LETLOW, MICHELE KESSLER, SUSAN COLLINS, ELAINE CHAO, DANA KRAFT, CATHERINE B. REYNOLDS, JOHN FALCONETTI, LINDA MCMAHON, PAOLO ZAMPOLLI, RICHARD GRENELL, PAMELA J. BONDI, SAM GRAVES, ROBERT CASTELLANI, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, PATRICIA DUGGAN, MARIA BARTIROMO, MARCO A. RUBIO, JENNIFER FISCHER, SUSIE WILES, SHELLEY MOORE CAPITO, ROBERT F. KENNEDY, JR, MIKE MCCAUL, LEE GREENWOOD, SERGIO GOR. Fee Status: No Fee Paid. (Mayers, Brantley) (Entered: 09/15/2026) |
| 09/15/2026 | 80 | RESPONSE re 74 MOTION to Unseal Document 65 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, filed by BRIAN D. BALLARD, MARIA BARTIROMO, PAMELA J. BONDI, MARY HELEN BOWERS, HANNAH F. BUCHAN, SHELLEY MOORE CAPITO, ROBERT CASTELLANI, ELAINE CHAO, SUSAN COLLINS, PAMELLA ROLAND DEVOS, PATRICIA DUGGAN, JOHN FALCONETTI, EMILIA MAY FANJUL, JENNIFER FISCHER, LYNETTE FRIESS, SERGIO GOR, SAM GRAVES, LEE GREENWOOD, RICHARD GRENELL, PAMELA GROSS, KATE ADAMSON HASELWOOD, LAURA INGRAHAM, JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, MIKE JOHNSON, ROBERT F. KENNEDY, JR, MICHELE KESSLER, DANA KRAFT, JULIA LETLOW, MINDY LEVINE, LYNDA LOMANGINO, BARBARA LONG, ALLISON LUTNICK, DOUGLAS MANCHESTER, MIKE MCCAUL, LINDA MCMAHON, CATHERINE B. REYNOLDS, MARCO A. RUBIO, DENISE SAUL, DAN SCAVINO, CHERI SUMMERALL, JOHN THUNE, DONALD J. TRUMP, TRUSTEES OF THE JOHN F. KENNEDY CENTER FOR THE PERFORMING ARTS, USHA VANCE, SUSIE WILES, ANDREA WYNN, PAOLO ZAMPOLLI. (Mayers, Brantley) (Entered: 09/15/2026) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| JOYCE BEATTY,<br>*Plaintiff*,<br>v.<br>DONALD J. TRUMP, *et al.*,<br>*Defendants*. | Civil Action No. 25-4480 (CRC) |

**NOTICE OF APPEAL**

All Defendants in this action respectfully provide notice that they hereby appeal to the United States Court of Appeals for the District of Columbia Circuit from the Court's September 15, 2026, Memorandum Opinion and Order, ECF No. 77.

Dated: September 15, 2026

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General, Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

*/s/ Brantley T. Mayers*
BRANTLEY T. MAYERS
Counsel to the Assistant Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue NW
Washington, D.C. 20530
Telephone: (202) 890-9874
brantley.t.mayers@usdoj.gov

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOYCE BEATTY,**<br><br>Plaintiff,<br><br>v.<br><br>**DONALD J. TRUMP** *et al.*,<br><br>Defendants. | Case No. 25-cv-4480 (CRC) |

**MEMORANDUM OPINION AND ORDER**

Four months ago, this Court declared that Congress named the John F. Kennedy Center for the Performing Arts for President John F. Kennedy alone. It came to this conclusion for a simple reason: The federal law that created the Kennedy Center permitted no other result. In 1983, Congress amended that law to guarantee "no additional memorials or plaques in the nature of memorials shall be designated or installed in the public areas of the John F. Kennedy Center for the Performing Arts." 20 U.S.C. § 76j(b)(1). The Court ruled that the decision by the Kennedy Center's Board of Trustees to rename the institution in honor of President Trump violated that congressional prohibition and others. And the Court ordered the permanent removal of the President's name from the front portico of the main building, as well as any other physical or digital signage or official materials. See generally Order on Summ. J. Mots., ECF No. 49. This Court and the United States Court of Appeals for the D.C. Circuit rejected the Board's request to stay the injunction pending appeal.

Yet the drama at the Kennedy Center continues. Despite the Court's order, on August 13, 2026, the Board passed a resolution "to recognize and honor President Trump's current and future existential and unprecedented contributions to the survival of the Center" in three different ways. Errata as to Final Board Resolution, ECF No. 66-2 ("Board Resolution") at 1.

> FIRST, the Center desires to honor the President's contributions, current and future, with an inscribed recognition on the building, below the name of the Center, as follows:
>
> **The John F. Kennedy Memorial Center for the Performing Arts**
> **renovated and restored by**
> **President Donald J. Trump**
>
> SECOND, the Center desires to further recognize the President's contributions, current and future, upon the endowment of the Trump Kennedy Center Fund reaching $100M, with an inscribed recognition on or in the building, below the name of the Center, once the $100M threshold is met, as follows:
>
> **The John F. Kennedy Memorial Center for the Performing Arts**
> **renovated and restored by**
> **President Donald J. Trump**
> **endowed by**
> **The Trump Kennedy Center Fund**
>
> THIRD, the Center desires to name the physical site and grounds upon which the Center sits, which are not named in the governing statutes, the "President Donald J. Trump Plaza."

See id. at 1–2. The Board vowed to implement the first and third actions by September 8, 2026. It later extended the deadline to October 8. See Notice, ECF No. 71 at 1.

Plaintiff Joyce Beatty, an Ohio congresswoman and *ex officio* member of the Kennedy Center Board, now moves the Court on an emergency basis to prohibit Defendants from taking "any steps to implement the August 13 Resolution." Mot. for Emergency Injunctive Relief, ECF No. 67 at 2. In Representative Beatty's view, the three actions proposed in the board resolution must be halted because they violate the plain terms of the permanent injunction and its accompanying memorandum opinion as well as the Center's governing statute. Defendants disagree.

Upon consideration of the emergency motion, the Court concludes Representative Beatty has carried her burden of showing that at least two of the actions contemplated by the board resolution violate the permanent injunction. Defendants are hereby enjoined from inscribing

"renovated and restored by Donald J. Trump" on the main building or renaming the campus the "President Donald J. Trump Plaza." Simply put, Defendants cannot install memorials for President Trump or anyone or anything else at the Kennedy Center without Congress's blessing. The board resolution bucks a federal court order and a statute Congress enacted. Representative Beatty is thus entitled to enforcement of the Court's injunction, which reflects Congress's decision to memorialize President Kennedy, and no one else, at the Center bearing his name.

**I. Jurisdiction**

Before addressing the legal merits of the board resolution, the Court must assure itself that it has jurisdiction to decide the motion. The first step in that exercise involves determining precisely what relief Representative Beatty seeks. It was not initially clear whether her motion, which is generally styled "Motion for Emergency Injunctive Relief," sought to enforce this Court's earlier injunction or instead sought new relief. See Mem. in Support of Mot. for Emergency Injunctive Relief, ECF No. 67-1 at 9 n.4 (suggesting the relief sought was "to enforce its prior order pending the appeal"). At the hearing on the motion, the parties seemed to agree that, at a minimum, Plaintiff asks to enforce the permanent injunction. See Emergency Mot. Hr'g Tr., ECF No. 72 at 6:19–7:9, 14:1–5 (Plaintiff explaining she asks for an order enforcing the prior injunction); id. at 44:16–17 (Defendants acknowledging Plaintiff asks for "either a motion to enforce or a new request" for injunctive relief). The Court thus understands the emergency motion as seeking enforcement of the permanent injunction and does not pass on any request for "new" relief. See Rudometkin v. Driscoll, __ F.4th __, 2026 WL 2451884, at *4 (D.C. Cir. 2026) (explaining a court is not bound by the title of a motion and instead looks to the substance of relief requested).

The Court issued its permanent injunction and explanatory memorandum opinion on May 29, 2026 and ordered Defendants to remove President Trump's name from the main building within two weeks. On the eve of the deadline, Defendants appealed and asked this Court to stay the injunction pending appeal. See Notice of Appeal (June 11, 2026), ECF No. 54 at 1; Mot. for a Stay of Permanent Injunction Pending Appeal (June 11, 2026), ECF No. 55 at 1. The Court denied that request. Defendants then sought a stay from the Court of Appeals, which that court also denied. See Beatty v. Trump, No. 26-5224, Order No. 2178670 (D.C. Cir. June 12, 2026); id. Order No. 2182243 (D.C. Cir. July 8, 2026). It is axiomatic that an order remains "operative" "[u]nless a stay is granted." Broidy Cap. Mgmt. LLC v. Muzin, No. 19-CV-150 (DLF), 2022 WL 2157047, at *4 (D.D.C. June 15, 2022) (quoting Deering Milliken, Inc. v. FTC, 647 F.2d 1124, 1128–29 (D.C. Cir. 1978)); see Hovey v. McDonald, 109 U.S. 150, 161 (1883) ("[A]n appeal from a decree granting, refusing or dissolving an injunction does not disturb its operative effects."). So, as both sides acknowledge, the permanent injunction remains binding on the parties.

Defendants nonetheless claim that the Court lacks authority to entertain the emergency motion. See Defs.' Resp., ECF No. 68 at 18–19. True, "filing of a notice of appeal confers jurisdiction on the court of appeals and divests the district court of control over those aspects of the case involved in the appeal." Coinbase, Inc. v. Bielski, 599 U.S. 736, 740 (2023) (internal quotation marks omitted); see Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 58 (1982). But, as Defendants acknowledge, see Defs.' Resp. at 17, a federal court has "inherent power to enforce its judgments," Peacock v. Thomas, 516 U.S. 349, 356 (1996); see Micula v. Government of Romania, No. 21-7139, 2023 WL 2127741, at *2 (D.C. Cir. Feb. 21, 2023) ("During appeal, the district court retains 'inherent power to enforce its decrees and to make such

orders as may be necessary to render them effective[.]'" (alteration in original) (quoting Horn & Hardart Co. v. Nat'l Rail Passenger Corp., 843 F.2d 546, 548 (D.C. Cir. 1988))); Deering Milliken, 647 F.2d at 1129 (recognizing "the trial court's powers to enforce its unstayed judgment" since the trial court retains the power to enforce "throughout the pend[e]ncy of the appeal"). Rule 62 codifies that inherent authority in the context of orders involving injunctive relief. See Fed. R. Civ. P. 62(d) (permitting a district court to "modify" or "grant" an injunction "[w]hile an appeal is pending from an interlocutory order or final judgment that grants . . . an injunction"); 11 Wright & Miller's Federal Practice & Procedure § 2904 (3d ed. 2026) (explaining that Rule 62(d) "codifies the inherent power of courts to make whatever order is deemed necessary to preserve the status quo and to ensure the effectiveness of the eventual judgment"). The threshold jurisdictional question for this Court, then, is whether the relief requested in the emergency motion merely seeks to enforce the permanent injunction.

It does. Plaintiff asks this Court to prevent Defendants from (1) adding "renovated and restored by President Donald J. Trump" to the building's main portico, (2) adding "endowed by The Trump Kennedy Center Fund" to that portico, and (3) renaming the grounds of the Center as the "President Donald J. Trump Plaza." See Mem. in Support of Mot. for Emergency Injunctive Relief at 11–17. The Court's opinion of May 29, which laid out the reasoning behind the permanent injunction, explained that the Kennedy Center's governing statute declares "no additional memorials or plaques in the nature of memorials shall be designated or installed in the public areas" of the Center. Beatty v. Trump, 834 F. Supp. 3d 41, 55, 81 (D.D.C. 2026) (quoting 20 U.S.C. § 76j(b)(1)); see USPS v. Postal Regul. Comm'n, 747 F.3d 906, 910 (D.C. Cir. 2014) (explaining that a court order is construed in light of the court's opinion). In light of that unambiguous provision and others, the Court concluded the Board can neither rename the

Kennedy Center without congressional authorization "[n]or can any other individual be memorialized on the front portico of the building." Id. at 79. More broadly, the Court explained, the Center cannot add a "public memorial based on the Board's unilateral say-so." Id. at 52. "Congress has definitively established the Center's name and prohibited the installation of any 'memorials or plaques in the nature of memorials,' aside from a few minor carveouts not relevant here."[1] Id. at 80.

If the three actions proposed by the August 13 resolution amount to creating new "memorials" or otherwise seek to have President Trump "memorialized" at the Kennedy Center—merits questions tackled below—then a further order from this Court prohibiting Defendants from implementing those actions would fall squarely within the sweep of the permanent injunction.[2] Put simply, this Court retains jurisdiction to enforce its prior order and prohibit Defendants from creating new memorials at the Kennedy Center for anyone other than President Kennedy. See United States v. Philip Morris USA Inc., 686 F.3d 839, 845 (D.C. Cir. 2012) (recognizing district courts "must retain jurisdiction over an injunction for the purpose of

---

[1] The most notable exceptions to the "no additional memorials" prohibition are listed in 20 U.S.C. § 76j(b)(2), which permits "any plaque acknowledging a gift from a foreign country"; "any plaque on a theater chair or a theater box acknowledging the gift of such chair or box"; and "any inscription on the marble walls in the north or south galleries, the Hall of States, or the Hall of Nations acknowledging a major contribution," "which plaque or inscription is permitted under policies of the Board in effect on December 2, 1983."

[2] To the extent the renaming of the Center's grounds differs from the other two proposed actions, that issue merely requires the Court to clarify what its prior injunction meant by "the John F. Kennedy Center for the Performing Arts." See, e.g., Beatty, 834 F. Supp. 3d at 52, 55, 79, 80 n.21. A federal court has inherent authority to "clarify . . . the terms of the injunction being appealed from." Escobar Molina v. DHS, 832 F. Supp. 3d 22, 38 (D.D.C. 2026) (internal quotation marks omitted); cf. Dunlap v. Presidential Advisory Comm'n on Election Integrity, 944 F.3d 945, 949 (D.C. Cir. 2019) (explaining an injunction is clarified rather than modified for jurisdictional purposes if the parties could "have reasonably foreseen that the injunction extended that far").

ensuring compliance for some extended period of time"). Accordingly, the Court has the power to adjudicate Representative Beatty's motion seeking compliance with the permanent injunction. To hold otherwise would undermine "the protection and enforcement of federal judgments" at the heart of "the judicial power." Peacock, 516 U.S. at 356; see Wash. Metro. Area Transit Comm'n v. Reliable Limousine Serv., LLC, 985 F. Supp. 2d 23, 29 (D.D.C. 2013) ("[A]fter appeal the trial court may, if the purposes of Justice require, preserve the status quo until decision by the appellate court." (quoting Newton v. Consol. Gas Co. of N.Y., 258 U.S. 165, 177 (1922))).

## II. Merits

Satisfied that it has jurisdiction to issue the relief requested in the emergency motion, the Court now turns to the merits.[3] Representative Beatty seeks to enforce this Court's permanent injunction. In her view, the terms of that prior order and the explanatory reasoning of the accompanying opinion prevent Defendants from implementing any of the three actions approved in the board resolution:

1. *Renovation Inscription*: inscribing on the main building "renovated and restored by President Donald J. Trump";
2. *Endowment Inscription*: inscribing on the main building "endowed by The Trump Kennedy Center Fund"; and
3. *Grounds Renaming*: renaming the Center's campus the "President Donald J. Trump Plaza."

[3] In the event the Court of Appeals has occasion to review this Memorandum Opinion and Order and disagrees with its jurisdictional analysis, this Court exercises its discretion under Rule 62.1 to render an indicative ruling, advising a reviewing court how it would resolve the merits a motion that is barred by a pending appeal. See, e.g., Amarin Pharms. Ire. Ltd. v. FDA, 139 F. Supp. 3d 437, 439 (D.D.C. 2015).

To obtain relief enforcing a prior order, a plaintiff must demonstrate that "a defendant has not complied with a judgment entered against it." Heartland Hosp. v. Thompson, 328 F.Supp.2d 8, 11 (D.D.C. 2004). "In assessing whether a defendant has failed to comply with a court order, the court is guided not only by the text of that order but also by its relevant opinions." Afghan & Iraqi Allies Under Serious Threat Because of Their Faithful Serv. to the U.S. v. Rubio, 824 F. Supp. 3d 64, 73 (D.D.C. 2026) (internal quotation marks omitted); see USPS, 747 F.3d at 910. "District courts have discretion when interpreting their orders and assessing whether an injunction has been violated." Potter v. District of Columbia, 126 F.4th 720, 723 (D.C. Cir. 2025); see AT&T Wireless Servs., Inc. v. FCC, 365 F.3d 1095, 1099 (D.C. Cir. 2004) ("The court is generally the authoritative interpreter of its own remand.").

For the reasons that follow, the Court agrees that the Renovation Inscription and the Grounds Renaming violate the terms of the permanent injunction. The Court thus grants Representative Beatty's emergency motion to the extent it seeks to enjoin Defendants from affixing "renovated and restored by Donald J. Trump" to the main building or renaming the campus the "President Donald J. Trump Plaza." However, the Court denies as unripe Representative Beatty's request to enjoin Defendants from adding "endowed by The Trump Kennedy Center Fund" to the main building. Because she fails to show that action will occur imminently, if at all, the Court need not settle now whether it violates the permanent injunction.

The Court addresses the Renovation Inscription, the Endowment Inscription, and the Grounds Renaming in turn.

A. Renovation Inscription

The board resolution proposes to put up a "recognition" for President Trump on the Kennedy Center's main building: "renovated and restored by President Donald J. Trump."

Board Resolution at 1. This proposal collides with various provisions of the permanent injunction and its accompanying opinion.

The Court there exhaustively analyzed the plain text of the Kennedy Center's organic statute. See Beatty, 834 F. Supp. 3d at 79–82. That law prohibits "additional memorials or plaques in the nature of memorials . . . in the public areas of the John F. Kennedy Center for the Performing Arts." 20 U.S.C. § 76j(b)(1). Based on the statute, the Court held that the Kennedy Center "cannot bear any other formal name or public memorial based on the Board's unilateral say-so." Beatty, 834 F. Supp. 3d at 52. More specifically, the Center's "public spaces honor President Kennedy and President Kennedy alone." Id. at 80. Defendants thus "violated the Kennedy Center's organic statute in purporting to rename the Center for President Trump," including by "installing signage with Donald J. Trump's name on the front portico of the Center." Order on Summ. J. Mots. at 1; see Beatty, 834 F. Supp. 3d at 85 ("[B]ecause the Defendants are currently in violation of Congress's express statutory direction, the Court will order that they remove President Trump's name from the institution's title, as represented on the façade of the Center, any other physical or digital signage, and official materials."). And so the Court permanently enjoined the "display[], install[ation], or maint[enance] [of] any physical or digital signage on the Kennedy Center building or grounds that designates, suggests, or implies that the institution is named for any person other than President John F. Kennedy" and directed Defendants to "remove all physical signage on the Kennedy Center building and grounds, including the front portico, that purports to rename the Kennedy Center after President Trump or any other individual besides President Kennedy." Order on Summ. J. Mots. at 1–2.

By its terms, then, the permanent injunction does not just prohibit the Board from renaming the institution the "Trump Kennedy Center." It also enjoins the creation of any "public

memorial" to anyone or anything other than President Kennedy, except in a few statutorily delineated ways that are not relevant here. Beatty, 834 F. Supp. 3d at 52, 80; see 20 U.S.C. § 76j(b)(2). Inscribing the main building with "renovated and restored by President Donald J. Trump" would circumvent the clear import of these prohibitions. And this Court lacks "discretion to overlook a proven violation" of its unstayed injunction. Potter, 126 F.4th at 724.

Resisting this conclusion, the government plays word games. In its view, the Renovation Inscription is a "recognition," a "plaque," a "testimonial," or an "acknowledgment"—that is, anything but a "memorial." Defs.' Resp. at 2–4, 7–9. But common sense dictates that the words "renovated and restored by President Donald J. Trump" establish a memorial. Defendants themselves define a "memorial" as "anything meant to help people remember some person or event, as a statute, holiday, etc." *Memorial*, Webster's New Universal Unabridged Dictionary 1123 (2d ed. 1983); see Defs.' Opp'n to Pl.'s Mot. for Prelim. Inj. & Mot. for Summ. J., ECF No. 34-1 at 33. The Renovation Inscription plainly "help[s] people remember some person" ("President Donald J. Trump") and some "event" (the project to have the Kennedy Center "renovated and restored"). Lest there be any doubt, the Renovation Inscription uses the past participles "renovated" and "restored." A past participle "denotes the verb's action as being completed." *Participles Generally*, Chicago Manual of Style § 5.114 (18th ed. 2024); see also *Past participle*, Merriam-Webster Dictionary ("[A] participle that typically expresses completed action[.]").

In sum, the Renovation Inscription fights the previous order's prohibition on any addition to the Center that qualifies as a "memorial" or "plaque in the nature of" a memorial. See Beatty, 834 F. Supp. 3d at 52, 80. The Court already rejected the suggestion that the "physical addition

of President Trump's name to the face of the building is not a 'memorial' or 'plaque in the nature of' a memorial under § 76j(b)." Id. at 81. It does so again now.

B. Endowment Inscription

The board resolution also proposes adding a separate Endowment Inscription on the Center: "endowed by The Trump Kennedy Center Fund." This language would seem to violate the Court's permanent injunction just as plainly as the Renovation Inscription. To start, the Endowment Inscription appears to be yet another verboten memorial. At the risk of repetition, the Kennedy Center's governing statute makes crystal clear that "no additional memorials or plaques in the nature of memorials shall be designated or installed in the public areas" of the Center. 20 U.S.C. § 76j(b)(1). Accordingly, the Court already established that the Kennedy Center "is meant to honor[] President Kennedy alone." Beatty, 834 F. Supp. 3d at 80. The Endowment Inscription, which uses the past participle "endowed," would seem to be a "memorial[,]" or "plaque[] in the nature of" a memorial, to the efforts by the Fund to "endow[]" the Center's renovation. Further, the Endowment Inscription resurrects mention of the "Trump Kennedy Center." The permanent injunction prohibits Defendants from "publishing, issuing, or distributing any official materials . . . that refer to the institution as named for anyone other than John F. Kennedy, including but not limited to the 'Trump Kennedy Center[.]'" Order on Summ. J. Mots. at 2. Inscribing the Center's main building with a reference to the "Trump Kennedy Center Fund" could well suggest that such a thing as the "Trump Kennedy Center" still exists—notwithstanding Defendants' sworn representation that they have removed all official references to the "Trump Kennedy Center" from the institution's physical grounds and digital landscape. See Decl. of Charles Matthew Floca, ECF No. 59 ¶¶ 4–6.

Still, despite the dubious lawfulness of any plan to memorialize the "Trump Kennedy Center Fund" at the Center, the Court cannot settle that issue now. The reason is because Representative Beatty's request to enjoin the installation of the Endowment Inscription is premature. See Trump v. New York, 592 U.S. 125, 131 (2020) (explaining a case is not "ripe" when it is "dependent on contingent future events that may not occur as anticipated, or indeed may not occur at all" (internal quotation marks omitted)). The August 13 board resolution states that the Endowment Inscription will be inscribed "upon the endowment of the Trump Kennedy Center Fund reaching $100M . . . once the $100M threshold is met[.]" Board Resolution at 1–2. The meeting minutes confirm that, "if [President Trump] raises $100 million to endow, the Center would recognize the Trump Kennedy Center Fund" with the proposed Endowment Inscription. Bd. of Trs. Meeting Mins. (Aug. 13, 2026), ECF No. 68-3 at 14. In opposing the emergency motion, Defendants say the Endowment Inscription "will be added only once the Fund's endowment reaches $100 million." Defs.' Resp. at 6; see also Decl. of Joseph LaFauci, ECF No. 68-1 ¶ 4 (Kennedy Center vice president averring that the Board "voted to recognize the Trump Kennedy Center Fund once its endowment reaches $100 million").

But the Fund has raised nothing yet. See Defs.' Resp. at 6 ("[T]he Fund has not yet started raising money[.]"). So, on the record before the Court, there is no "imminent risk of likely irreparable harm" to justify enforcement of the permanent injunction against the installation of the Endowment Inscription. Monsanto Co. v. Geerston Seed Farms, 561 U.S. 139, 162 (2010). At least for now, that risk remains too speculative for judicial review. See Devia v. NRC, 492 F.3d 421, 424–26 (D.C. Cir. 2007).

In so concluding, the Court relies on Defendants' assurances that the Fund has thus far raised nothing and that Defendants will "notify the Court when that addition [*i.e.*, the

Endowment Inscription] would be imminent to allow the Court to weigh in." Emergency Mot. Hr'g Tr., ECF No. 72 at 42:18–20; see id. at 42:23–25 (Defendants stating that because "there's no evidence of imminence, we think it would make sense for the Court to address that issue at a later time"); Defs.' Resp. at 6. Accordingly, the Court orders Defendants to notify Plaintiff and the Court, in writing, if and when $100 million has been raised for the Center and to provide at least 60 days' notice ahead of any action to install the Endowment Inscription or any similar acknowledgment of the President, the Trump Kennedy Center Fund, or other fundraising efforts. If at that time Defendants still plan to proceed with the installation of the Endowment Inscription, or something like it, the Court reserves the authority to assess its lawfulness in light of the permanent injunction and to issue any further order as appropriate.

C. Grounds Renaming

Finally, the board resolution proposes to "name the physical site and grounds upon which the Center sits . . . the 'President Donald J. Trump Plaza.'" Board Resolution at 3. Before turning to the merits, the Court must address a threshold dispute: Defendants claim Representative Beatty lacks standing to challenge the Grounds Renaming. See Defs.' Resp. at 3, 9–10. Defendants point to the minutes of the August 13 meeting, which relay a discussion among Board members about the proposed Grounds Renaming. According to the meeting minutes, "Representative Beatty asked whether the resolution complies with the statute governing the Center, which restricts inscriptions and plaques to specified exceptions, stating that she had no objection to recognition after an endowment is raised, nor to the naming of the plaza, but sought clarity." Bd. of Trs. Meeting Mins. (Aug. 13, 2026) at 16. She later told the Board "that she would vote against the resolution, having been advised that it may not be in compliance" with law. Id. at 17. And, indeed, she proceeded to vote against it. Id. Defendants

claim Representative Beatty cannot challenge the Grounds Renaming because she "informed her co-trustees that she had no objection to that part of the resolution." Defs.' Resp. at 10.

The Court disagrees. Defendants misconstrue the remarks at issue. The meeting minutes make clear that Representative Beatty *did* have concerns about the Grounds Renaming: She thought it might not "compl[y] with the statute governing the Center." Bd. of Trs. Meeting Mins. (Aug. 13, 2026), ECF 68-3 at 16. And her vote against the Grounds Renaming removed any doubt about where she stood. In any case, even assuming her perhaps imprecise comments somehow amounted to acquiescence in a breach of the trust, that would not defeat her standing. "A trustee is not precluded from maintaining a suit for redress by the fact that the trustee participated in the breach of trust, because the suit is on behalf of the trust and its beneficiaries." Restatement (Third) of Trusts § 81 cmt. d; see also Beatty, 834 F. Supp. 3d at 77 n.19 (collecting sources on the duties of a trustee in light of breaches by a co-trustee). And Representative Beatty certainly has standing to "ensur[e] compliance" with the Court's prior order. Salazar v. Buono, 559 U.S. 700, 712 (2010) (plurality opinion); accord id. at 730 (Scalia, J., concurring in the judgment) ("If he sought only to compel compliance with the existing order, Article III would not stand in his way."); see Beatty, 834 F. Supp. 3d at 68–76 (discussing Representative Beatty's standing in "perhaps greater-than-necessary detail"). The Court thus concludes Representative Beatty has standing to challenge the Grounds Renaming.

Turning to the meat of the attack, Representative Beatty argues the Grounds Renaming violates at least two parts of the injunction, as explained by its accompanying opinion: the prohibition against creating "additional memorials or plaques in the nature of memorials . . . in the public areas of the John F. Kennedy Center for the Performing Arts," Beatty, 834 F. Supp. 3d at 80 (quoting 20 U.S.C. § 76j(b)(1)); and the Court's pronouncements that the Board has a "duty

. . . to maintain and administer the John F. Kennedy Center for the Performing Arts and site thereof as . . . a living memorial to John Fitzgerald Kennedy," id. (emphasis omitted) (quoting 20 U.S.C. § 76h(a)(1)).

Both arguments hit their mark. Again, the permanent injunction's prohibition on creating additional memorials means the Board cannot add any "public memorial" to the Center "based on the Board's unilateral say-so." Id. at 52. That tracks § 76j(b)(1) of the organic statute, which bars "additional memorials or plaques in the nature of memorials" in the Center's "public areas." It should be obvious that the proposed "Donald J. Trump Plaza" is, under any definition, a "memorial" to the President. The only question, then, is whether the permanent injunction's prohibition on "additional memorials" in the Center's "public areas" applies to the Center's site. The memorandum opinion supplies the answer: Congress "banned public 'memorials' *at the site*" of the Center. Id. at 82 (emphasis added) (quoting 20 U.S.C. § 76j(b)(1)). And, even more specifically, the Court enjoined Defendants from "displaying, installing, or maintaining any physical or digital signage on the Kennedy Center building *or grounds* that designates, suggests, or implies the institution is named for any person other than President John F. Kennedy[.]" Order on Summ. J. Mots. at 2 (emphasis added). These statements foreclose Defendants' effort to rename the grounds for President Trump.

Resisting the import of these prohibitions, Defendants attempt to draw "a distinction between the building—designated by Congress as the John F. Kennedy Center for the Performing Arts—and the site or grounds, which is unnamed." Defs.' Resp. at 11. Defendants are correct to point out that some references to the Center in the statutory scheme suggest "the Center" is the main building. See, e.g., 20 U.S.C. § 76h(a)(1). But that tells only part of the story. The memorandum opinion explained that *both* "the building *and* the institution are

'designated' as the 'John F. Kennedy Center for the Performing Arts." Beatty, 834 F. Supp. 3d at 55 (emphasis added) (first citing 20 U.S.C. § 76h(a)(1); and then citing id. at § 76i(a)); see also Barber v. Thomas, 560 U.S. 474, 484 (2010) (recognizing that the ordinary presumption that a term means the same thing throughout a statute "yields readily to indications that the same phrase used in different parts of the same statute means different things, particularly where the phrase is one that speakers can easily use in different ways without risk of confusion"). This Court thus rejected a narrow, building-only definition of "the John F. Kennedy Center for the Performing Arts." "Physically," the opinion accompanying the injunction explained, "the Center is more than just a grand marble building overlooking the Potomac River. In addition to its famed theaters, concert halls, and Grand Foyer, the Center occupies a campus of seventeen acres, replete with a presidential grove, several smaller theaters and performance spaces, plazas and pavilions, offices, commemorative exhibits, classrooms, restaurants, and shops." Beatty, 834 F. Supp. 3d at 53; see also id. at 79 ("Congress honored the fallen president not just with a building, but an entire institution.").

The permanent injunction's understanding of "the Kennedy Center" makes the most sense of the statutory text. Several statutory mentions of "the Center" refer not to the main building only, but to the entire campus. See, e.g., 20 U.S.C. §§ 76j(b), 76s. For example, in Public Law 112–131, enacted in 2012 and codified at § 76i, Congress provided funding and rules for an expansion of the Center that became known as the REACH. Subsection 76i(3) states that the Board "may acknowledge private contributions used in carrying out the expansion project in the interior of the project, but may not acknowledge such private contributions on the exterior of the project. Any acknowledgment of private contributions under this paragraph shall be consistent with the requirements of section 76j(b) of this title." 20 U.S.C. § 76i(3). This

provision makes sense only if "the John F. Kennedy Center for the Performing Arts" as used in § 76j(b) includes the campus—*i.e.*, it refers to more than merely the main building. This reading also gives meaning to words in the statute such as "building" that would be redundant if "the John F. Kennedy Center for the Performing Arts" referred only to the main building. E.g., id. §§ 76i(4), 76j(a)(1)(H)(ii), 76q-1(a)(4), 76s.

For their own part, Defendants appear to acknowledge "the Kennedy Center" is vaster than their present arguments let on. The resolution at issue, after all, was passed by the Board of Trustees of the *John F. Kennedy Center of the Performing Arts*. As its name suggests, that entity oversees the entire institution, not simply the main building. Otherwise, it would lack authority to take *any* actions with respect to the grounds—a result the government surely would not countenance.

Statements of the Board confirm this understanding. At the August 13 meeting, the Board passed a resolution referring to "the Center's performing arts facilities in the REACH" and distinguished those facilities from the "Center's main building," which is a separate structure. Bd. of Trs. Meeting Mins. (Aug. 13, 2026) at 11. The resolution further stated that, during renovations, "the John F. Kennedy Center for the Performing Arts shall *continue* to present educational and artistic programming at the REACH[.]" Id. (emphasis added); id. at 6 (Secretary of Commerce Howard Lutnick suggesting "the Center" included "The REACH"). And, in their response to the emergency motion, Defendants recognize that "the Center is 'not just a building[.]'" Defs.' Resp. at 13; see also id. at 3 (acknowledging "the Center named a substantial portion of *its grounds*, 'The REACH'" (emphasis added)).

That recognition is correct. As the Court has explained before, Congress required the "site" of the Center to be "a living memorial" to President Kennedy. 20 U.S.C. § 76h(a)(1).

Reading §§ 76h(a) and 76j(b) together reveals an intention by Congress to prevent memorials to anyone or anything other than President Kennedy on the Center's campus except as provided by statute. See Mullin v. Doe, 146 S. Ct. 2121, 2136 (2026) (explaining that statutory provisions are read holistically in light of "nearby or closely related provisions"). Congress surely did not intend for the Board to auction off naming rights to constituent parts of the campus. The Grounds Renaming thus falls within the permanent injunction's prohibition on additional memorials, and the Court will enforce that injunction to prevent the Board from naming the campus after President Trump.

Last, Defendants insist that naming the grounds does not violate the permanent injunction or the governing statute because "The Kennedy Center—along with the site on which it stands—serves as a memorial to President Kennedy regardless of whether the plaza is named for President Trump." Defs.' Resp. at 14. But that argument, too, cannot be squared with the Court's permanent injunction or its accompanying opinion. There, the Court described how the Center's governing statute "takes pains to ensure that the Kennedy Center's public spaces honor President Kennedy and President Kennedy *alone*." Beatty, 834 F. Supp. 3d at 80 (emphasis added). And "the Kennedy Center must be named for, and is meant to honor, President Kennedy alone." Id.; see id. at 83 (similar); Order on Summ. J. Mots. at 1 ("[T]he Center may not be officially named for anyone else except by an Act of Congress."). Alone means alone. The Board cannot honor both President Kennedy and President Trump without running afoul of the terms of the injunction and the Board's own governing statute.[4]

[4] It is true, as Defendants point out, that the main building's Eisenhower Theatre is named for President Eisenhower, who originally championed the creation of a national cultural center in Washington. But that designation occurred in 1968, before Congress's 1983 amendment of the statute to prohibit "additional memorials" "after December 2, 1983." 20 U.S.C. § 76j(b)(1); see Reply, ECF No. 70 at 9 & n.3 (citing Harold Gal, *Theater in Kennedy*

* * *

One final point: In its briefing, the government intones that, if the Board is not allowed to implement its latest resolution, the Kennedy Center will face financial peril and might even "be required to be taken down" altogether. Defs.' Resp. at 2. The government raised this same specter in the injunction proceedings before this Court and in its motion for a stay pending appeal before the D.C. Circuit. Each court rejected the contention. As this Court noted, the government offered "no proof that current or future donations hinge on President Trump's name being on the building" and "no competent evidence that removing the Trump name would prevent the Center from fulfilling its artistic mission, as it has done for the last sixty years." Beatty, 834 F. Supp. 3d at 84 n.24; see also Beatty v. Trump, No. 26-5224, 2026 WL 1970557, at *1 (D.C. Cir. July 8, 2026) (per curiam) (agreeing that Appellants "failed to support th[e] assertion" of irreparable harm stemming from the removal of President Trump's name "with any specific facts or evidence"). In fact, evidence before the Court pointed in the opposite direction: The renaming of the Center coincided with *declines* in revenue and contributions, as artists cancelled performances, the Washington National Opera ended its 50-year residency, and ticket sales and viewership of the Kennedy Center Honors broadcast dropped precipitously. See Beatty, 834 F. Supp. 3d at 84 n.23. The Board also has access to the $257 million that Congress appropriated for necessary capital improvements—an outlay that Secretary Lutnick indicated at

---

*Arts Center to Be Named for Eisenhowers*, N.Y. Times (Oct. 20, 1968), https://www.nytimes.com/1968/10/20/archives/theater-in-kennedy-arts-center-to-be-named-for-eisenhowers.html). As for the REACH, it is not named for anyone or anything in the manner of a memorial. Rather, the name was meant to evoke President Kennedy's vision "to set the artist free. Free to *reach* beyond hallowed halls and sacred walls into creative open spaces[.]" *Welcome to the REACH*, The Kennedy Center, https://www.kennedy-center.org/video/center/other/2019/welcome-to-the-reach--the-kennedy-center/ (emphasis added).

the August 13 meeting President Trump is prepared to use "to complete the [renovation] work[.]" Bd. of Trs. Meeting Mins. at 8.

More importantly, the government's assertion that the Center might not survive without President Trump's name is beside the point for present purposes. Representative Beatty's motion presents a narrow legal question: whether the board resolution violates the Court's standing injunction—which prescribed the limits that Congress imposed on the placement of names and memorials at the property. Answering that question is this Court's only role. The Court appreciates that major supporters of cultural institutions are routinely recognized with prominent inscriptions on buildings and in other public areas. But Congress had other ideas for the Kennedy Center. It limited such memorials and donor recognitions to discrete (and discreet) areas, so as not to detract from the Center's function as an ongoing memorial to President Kennedy. The current Board's apparent disagreement with that approach does not change the law or nullify an injunction that continues to bind the parties. And the Court may not license a violation of those authorities under threat that some unidentified donors will withhold their largesse if the Board is not allowed to have its way. It can even less reward a decision by Board members, including the Chair, to curb the Center's fundraising efforts because they cannot abide statutory restrictions on displaying his name. Predictions of future actions by the Board in response to being told no therefore cannot concern the Court.

## III. Conclusion

In our system of laws, the written word is paramount. "Unlike the executive or the legislature, the judiciary 'has no influence over either the sword or the purse; . . . neither force nor will but merely judgment.'" Williams-Yulee v. Florida Bar, 575 U.S. 433, 445 (2015) (quoting The Federalist No. 78, at 465 (Clinton Rossiter ed., 1961) (Alexander Hamilton)). "The

judiciary's authority therefore depends in large measure on the public's willingness to respect and follow its decisions." Id. at 445–46.

Earlier this year, the Court ordered Defendants to follow a federal law directing the Board to "[en]sure that . . . no additional memorials or plaques in the nature of memorials shall be designated or installed in the public areas" of the Center. See Beatty, 834 F. Supp. 3d at 80 (quoting 20 U.S.C. § 76j(b)(1)). Plaintiff has carried her burden of showing that at least two of the three actions contemplated by the August 13 board resolution violate the unambiguous terms of this Court's order. "If the court is to discharge its function, its orders must be obeyed." Martin-Trigona v. Gellis & Melinger, 830 F.2d 367, 369 (D.C. Cir. 1987) (per curiam). Linguistic gymnastics cannot extricate the Kennedy Center's Board from an operative judicial order or the governing statute it was designed to enforce. Until this Court or a higher one says otherwise, the Board may not implement those parts of its August 13, 2026 resolution that violate the order's clear terms.

For the foregoing reasons, it is hereby

**ORDERED** that [67] Plaintiff's Emergency Motion is GRANTED in part and DENIED in part. It is further

**ORDERED** that Defendants must notify Plaintiff and the Court, in writing, if and when $100 million has been raised for the Center and provide at least 60 days' notice ahead of any

action to install an inscription or acknowledgment of President Trump, the Trump Kennedy Center Fund, or other fundraising efforts.

**SO ORDERED**.

CHRISTOPHER R. COOPER
United States District Judge

Date: September 15, 2026