**ORAL ARGUMENT NOT YET SCHEDULED**

Nos. 26-5224, 26-5322

IN THE

# United States Court of Appeals for the District of Columbia Circuit

JOYCE BEATTY,

*Plaintiff-Appellee*,

v.

DONALD TRUMP, *et al.*,

*Defendants-Appellants.*

On Appeal from the United States District Court
for the District of Columbia, No. 25-cv-4480-CRC
Hon. Christopher R. Cooper

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME

NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

September 30, 2026

## CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

Plaintiff-Appellee Joyce Beatty submits this Certificate as to Parties, Rulings and Related Cases:

### A. Parties and Amici

Joyce Beatty is the plaintiff in the district court and the Appellee before this Court. The defendants in the district court and the Appellants before this Court are: Donald J. Trump, Matthew Floca (substituted for Richard Grenell), Jennifer Fischer, Sergio Gor, John Falconetti, Brian D. Ballard, Maria Bartiromo, Pamela Bondi, Mary Helen Bowers, Hannah F. Buchan, Robert Castellani, Elaine Chao, Pamella Roland Devos, Patricia Duggan, Emilia May Fanjul, Lynette Friess, Pamela Gross, Lee Greenwood, Kate Adamson Haselwood, Laura Ingraham, Michele Kessler, Dana Kraft, Mindy Levine, Lynda Lomangino, Barbara Long, Allison Lutnick, Douglas Manchester, Catherine B. Reynolds, Denise Saul, Dan Scavino, Cheri Summerall, Usha Vance, Susie Wiles, Andrea Wynn, Paolo Zampolli, Robert F. Kennedy, Jr., Marco Rubio, Linda McMahon, Mike Johnson, Sam Graves, Julia Letlow, Mike McCaul, John Thune, Shelley Moore Capito, Susan Collins, Trustees of the John F. Kennedy Center for the Performing Arts, and John F. Kennedy Center for the Performing Arts.

In the district court, the following *amici curiae* appeared: The Committee for the First Amendment, Mary Boyle, Guy Cecil, Gilbert R. Cisneros Jr., Bruce Cohen,

Sylvia Davis White, Catherine Gledhill, Sonya Halpern, Sharon Hoffman, Barry Karas, Shahid Khan, Robin Leeds, Amalia Perea Mahoney, Noah Mamet, Ronnie Planalp, Deborah Dozier Potter, Susan E. Rice, Diane Robertson, Rusty Rueff, Alexandra C. Stanton, Gary Sugarman, and Reginald Van Lee.

**B. Rulings Under Review**

The district court (Cooper, J.) issued a permanent injunction on May 29, 2026, and the opinion is reported at 834 F. Supp. 3d 41. The district court issued an order enforcing its injunction on September 15, 2026. The opinion is not yet reported but is available at 2026 WL 2718566.

**C. Related Cases**

This case has not previously been before this Court or another district court.

September 30, 2026

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

## REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME

The Department of Justice is perhaps the most prolific recipient of extensions in the federal appellate system. It is regrettable that the Department now opposes a 30-day extension in this matter. Appellee submits this short reply to underscore two points.

*First*, the Department notes that Appellee "requested discovery" in the district court. But the Department's characterization of events is misleading. Response 3. Appellants are to blame for the rushed nature of the proceedings below. Appellee proposed that discovery in the shutdown portion of the case begin over the summer. In response, Appellants resisted discovery. *See* Dkt. 63. Then, after dragging their feet, Appellants claimed they urgently needed to move to lift the preliminary injunction (which, it bears repeating, is a separate order from the renaming permanent injunction that Appellants appealed, which is not before the Court, and which Appellants do not cite as a reason to expedite these appeals). *See* Dkt. 88. In short, Appellants produced a manufactured urgency on the shutdown portion of the case that motivated undersigned counsel to seek a brief extension in this Court with respect to the separate appeal of the renaming order.

Regardless, the question of who requested discovery is irrelevant. Nothing says Appellee cannot receive a routine extension motion here because she diligently pursued a different aspect of her case below.

*Second*, the fact that Appellants' counsel is, like the undersigned, involved in proceedings below and has other professional obligations is irrelevant. Response 3. Extension requests should not devolve into tit-for-tat exchanges. Moreover, Appellants had over one hundred days to draft their opening brief. This lopsided allotment of time is unfair and risks unnecessarily prejudicing Appellee. Response 2.[1]

Appellants willfully flouted the law by renaming a sacred national memorial for President Trump, in direct violation of the statutes Congress enacted. After losing below, Appellants did not expedite their appeal. Instead, Appellants flouted the district court's order and voted to return President Trump's name to the Center. Now, the Department of Justice has embraced no-holds-barred tactics, opposing a scheduling request to accommodate competing professional obligations. This is unfortunate.

For the foregoing reasons and those in the motion, the motion for extension of time should be granted.

---

[1] Appellants did not have "two weeks" "to compose their opening brief." Response 4. Appeal No. 26-5224 was docketed on June 12, 2026. Appellants filed their brief on September 28, 2026. Appeal No. 26-5322 raises similar statutory issues to the first appeal and only arose after Appellants violated the district court's order.

September 30, 2026

Respectfully submitted,

/s/ Nathaniel A.G. Zelinsky
NATHANIEL A.G. ZELINSKY
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

## CERTIFICATE OF COMPLIANCE

Pursuant to Federal Rule of Appellate Procedure 27(d)(2)(C), I certify that this motion for an extension contains 422 words. This document also complies with the requirements of Federal Rules of Appellate Procedure 32(a)(5) and 32(a)(6) because it has been prepared using Microsoft Word 14-point Times New Roman, a proportionally spaced font.

September 30, 2026

/s/ Nathaniel A.G. Zelinsky
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*

## CERTIFICATE OF SERVICE

I hereby certify that, on September 30, 2026, I caused the foregoing to be electronically filed with the Clerk of the United States Court of Appeals for the District of Columbia Circuit by using the appellate CM/ECF system. All counsel in this case are registered CM/ECF users and will be served by the appellate CM/ECF.

September 30, 2026

/s/ Nathaniel A.G. Zelinsky
WASHINGTON LITIGATION GROUP
1717 K Street, NW, Suite 1120
Washington, D.C. 20006
202-521-8750
nzelinsky@washingtonlitigationgroup.org

*Counsel for Plaintiff-Appellee Joyce Beatty*